UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM TOTTEN, | ) |
| Plaintiff, | ) |
| | ) No. 13 C 8157 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| CRANE CO., et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are Plaintiff William Totten's motions to remand the case to state court [37] and to strike the notice of removal [39]. Both motions are denied. The Court finds that this issue is governed by *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012), in which the Seventh Circuit reversed the district court's remand after a federal contractor defendant had removed the case pursuant to the federal contractor defense. Removal is proper because Defendant Crane Co. ("Crane") has satisfied all four requirements of the removal statute.

## BACKGROUND

Mr. Totten, who suffers from mesothelioma, brought this suit in Illinois state court against approximately 40 Defendants alleging that asbestos in Defendants' products caused his illness. Mr. Totten alleges that he was exposed to asbestos when he served in the U.S. Navy from 1956 to 1958 and also when he worked as a civilian from 1962 to 1983. Crane made valves, which contained asbestos, for U.S. Navy ships.

Totten's first amended complaint contains three counts. Count 1 relates to his post-military employment. It alleges, generally, that Defendants breached their duty of care by manufacturing and marketing products containing asbestos and by failing to warn of the dangers

of asbestos. Exhibit A to the first amended complaint identifies a number of Defendants, including Crane, and the asbestos-containing products each Defendant manufactured or sold. Mr. Totten alleges that he was exposed to the products listed in Exhibit A during his civilian career. Count 2 relates to Mr. Totten's service in the Navy, alleging that during the course of his service he was exposed to asbestos from certain products manufactured or sold by Defendants, including Crane. Count 2 ultimately asserts that Defendants breached their duty of care by failing to provide adequate warnings regarding the dangers and proper handling of asbestos. Exhibit B to the first amended complaint identifies a number of Defendants, including Crane, and their products. Mr. Totten alleges that he was exposed to the products listed in Exhibit B during his time in the Navy. Finally, Count 3 alleges that two or more of Defendants conspired to prevent the public from learning the dangers of asbestos.

Defendant Crane removed the case to this Court under 28 U.S.C. § 1442(a)(1), asserting that the government contractor defense provided federal jurisdiction. In its Notice of Removal, Crane erroneously attached a copy of the original complaint, rather than the first amended complaint. Crane also attached affidavits of Anthony Pantaleoni, retired Rear Admiral David Sargent, Jr., and Dr. Samuel Forman. The affidavits, which are all dated January of 2010 and which were filed in another asbestos suit, describe the specifications to which Crane and other contractors were subject in providing parts for the Navy, as well as the Navy's historic knowledge, warnings, and remedial measures regarding asbestos. Lastly, Crane attached to its notice examples of Navy-issued engineering specifications for valves like those Crane manufactured.

## LEGAL STANDARD

A case filed in state court that could have been filed originally in federal court may be properly removed to federal court. 28 U.S.C. § 1441; *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). The removing party bears the burden of demonstrating that removal is proper, and any doubt regarding jurisdiction should be resolved in favor of remand. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). A case may be remanded for lack of subject matter jurisdiction or, if timely raised, for failure to comply with the removal statutes. 28 U.S.C. §§ 1446, 1447(c); *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 625–26 (7th Cir. 2013).

## ANALYSIS

### I. Mr. Totten's Motion for Remand

Since 1815, Congress has allowed federal officers sued in state court to remove those cases to federal court. The removal statute addressing this issue is codified at 28 U.S.C. § 1442(a)(1). The purpose of the statute is to prevent an "unfriendly" state from imposing state law liability on federal officers and their agents for actions performed "under the immediate direction of the national government." *Tennessee v. Davis*, 100 U.S. 257, 263, 25 L. Ed. 648 (1879). Simply put, the removal statute allows a federal officer or contractor to litigate a federal defense in a federal forum. This is an exception to the well-pleaded complaint rule, which would bar jurisdiction where the federal question arises in an affirmative defense rather than in the complaint. *Mesa v. California*, 489 U.S. 121, 136, 109 S. Ct. 959, 103 L. Ed. 2d. 99 (1989); *Ruppel*, 701 F.3d at 1180.

In removing the case, Crane contends that § 1442(a)(1) provides federal jurisdiction because the acts alleged were undertaken at the direction of the U.S. Navy. In order to remove

the case, Crane must establish that (1) it is a person under the statute, (2) it engaged in the allegedly tortious conduct at the direction of a federal officer, (3) there is a causal connection between Totten's claims and Crane's actions under federal direction, and (4) it has raised a colorable defense based on federal law. *Mesa*, 489 U.S. at 126–36. Crane contends that it satisfies each of these requirements and that it is immune from liability for any injury its products caused Mr. Totten during his military service because in performing the allegedly tortious acts, Crane followed the federal government's "reasonably precise specifications." *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512, 108 S. Ct. 2510, 101 L. Ed. 2d 442 (1988).

Mr. Totten contends that the question now before the Court is governed by *Boyle*, in which the Supreme Court outlined the requirements for a defendant to prevail on a federal contractor defense. While *Boyle* will govern Crane's ultimate defense, it is not controlling at this stage because it does not address the question of jurisdiction—the only question now before the Court. *Ruppel*, 701 F.3d at 1182. In making a determination regarding jurisdiction, the Court must determine whether Crane has raised a plausible argument that the government contractor defense will apply. But the Court need not determine at this juncture whether Crane's defense will actually prevail. *See Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431, 119 S. Ct. 2069, 144 L. Ed. 2d 408 (1999); *Ruppel*, 701 F.3d at 1182. Therefore, while *Boyle* is important to understand at this stage, it does not govern the question before the Court. *Boyle* sets out that a government contractor is not liable for state law products liability torts where (a) the federal government approved reasonably precise specifications, (b) the defendant's product conformed to those specifications, and (c) the contractor warned the government of the product's dangers that were known to the contractor but not to the government. *Boyle*, 487 U.S. at 512.

4

Defendants argue, and the Court finds, that *Ruppel* mandates denying Mr. Totten's motion to remand. In *Ruppel*, defendant CBS included asbestos in turbines it supplied to the U.S. Navy. Mr. Ruppel, who developed mesothelioma, asserted that he was exposed to asbestos from these turbines during his service in the U.S. Navy and afterward. *Ruppel*, 701 F.3d at 1178. Shortly after CBS removed the case to federal court, the district court remanded it. The Seventh Circuit reversed, finding that federal jurisdiction was proper because CBS had satisfied all four elements of federal officer jurisdiction. *Id.* at 1181–82. A district court in this circuit recently interpreted *Ruppel* to deny the plaintiffs' motion to remand a case that this very same Defendant—Crane—removed to federal court. *Hasenberg v. Air & Liquid Sys. Corp.*, No. 13-CV-1325-MJR-SCW, 2014 WL 1389300, at *1–3 (S.D. Ill. Apr. 9, 2014). As the Court finds here, the *Hasenberg* court found that Crane satisfied the four jurisdictional requirements set out in *Mesa* and *Ruppel*. *Id*.

Mr. Totten has not provided, and the Court cannot identify, any compelling reason to distinguish this case from *Ruppel*. After acknowledging that "initially the *Ruppel* case appears to be on all fours and controlling of the outcome here," Doc. 61 at 1, Mr. Totten provides three arguments why *Ruppel* should not govern.

First, Mr. Totten asserts that the decision in *Ruppel* hinged on the fact that Mr. Ruppel brought a claim for use of asbestos, while Mr. Totten argues that the first amended complaint alleges only failure to warn. The Court does not agree that *Ruppel* would have come out differently if Mr. Ruppel had alleged only failure to warn; the Seventh Circuit found that the federal contractor defense applied to Mr. Ruppel's claims for failure to warn. *Ruppel*, 701 F.3d at 1185–86. The Seventh Circuit has gone one step further, affirming summary judgment in favor of a defendant on the basis that the government contractor defense precluded the plaintiff's

5

claim for failure to warn. *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 1003 (7th Cir. 1996). In doing so, the Seventh Circuit noted that "[i]t is well established that the government contractor defense articulated by the Supreme Court in *Boyle* may operate to defeat a state failure-to-warn claim." *Id.* Additionally, Mr. Totten's attempt to distinguish *Ruppel* only sheds light on the cases' similarity, as Mr. Ruppel made the same argument that Mr. Totten raises here: "Ruppel's primary argument on appeal is his complaint contains only failure-to-warn claims, presumably, because he thinks the government contractor defense is less applicable to these suits." *Ruppel,* 701 F.3d at 1182. The Seventh Circuit rejected this argument, holding that the federal contractor defense applied to the claims for failure to warn. *Id.* at 1185. Therefore, the Court rejects Mr. Totten's attempt to distinguish from *Ruppel* on the basis that he brings only a claim for failure to warn.

Next, Mr. Totten argues that Crane cannot show federal jurisdiction because it has not attached any of its contracts with the U.S. Navy. In support of this argument, Mr. Totten cites *Morgan v. Great South Dredging, Inc.*, No. CIV.A. 11-2461, 2012 WL 4564688 (E.D. La. Sept. 30, 2012) for the proposition that a defendant must prove that it had a contract with the government to satisfy § 1442(a)(1). In *Morgan*, the court held that the defendant did not raise a colorable federal contractor defense because it "was not a government contractor itself, but merely a subcontractor." *Id.* at *6. But here, Mr. Totten has not alleged that Crane was a sub-contractor and therefore that it did not have a direct contract with the government. Instead, Mr. Totten alleges that perhaps Crane sold stock parts to the government. If true, this might impact the viability of Crane's federal contractor defense. *See Boyle*, 487 U.S. at 509. But at this stage, the Court need not consider whether Crane will ultimately prevail on its government contractor defense. Crane offers Anthony Pantaleoni's affidavit stating that Crane contracted directly with

the Navy and that the Navy subjected Crane to "an extensive set of federal standards and specifications." Doc. 1-2 ¶¶ 4–6. The Court finds this evidence sufficient at the removal stage to demonstrate that Crane had a contract with the U.S. Navy.

Mr. Totten also attempts to factually distinguish *Ruppel* by asserting that *Ruppel* hinged on the "highly specialized" nature of the equipment at issue. Doc. 61 at 3. The Court disagrees. Mr. Totten contends that the asbestos-containing product at issue in *Ruppel*—a turbine—is far more complex and therefore requires more precise specifications than the valves that Crane manufactured. Mr. Totten also attempts to distinguish *Ruppel* by noting that the defendant in *Ruppel* submitted more evidence than Crane to support its federal contractor defense. The Court is satisfied with the evidence Crane has provided at this stage and will refrain from speculating on the relative complexity of a turbine as compared with a marine valve. Crane has submitted affidavits and documentary evidence to support its contention that it was subject to exacting government specifications in designing and manufacturing valves for the U.S. Navy. While they may be less complex in design than turbines, the evidence demonstrates that Crane's valves were subject to precise specifications because they were one piece of an enormous puzzle. As outlined in Rear Admiral Sargent's affidavit, U.S. Navy ships are incredibly complex and unique. The affidavits show that the Navy relies on countless contractors working under exact specifications to ensure that the various pieces work together properly. This leads the Court to conclude that Crane has raised a plausible argument that it was subject to reasonably precise specifications. Additionally, the court in *Hasenberg* was sufficiently satisfied that what appears to be the exact same evidence warranted denying the plaintiffs' motion to remand. *Hasenberg*, 2014 WL 1389300, at *3 ("Crane has furnished evidence (see, e.g., Affidavits of David P. Sargent and Samuel A. Forman, attached to Doc. 3) that the Navy gave Crane precise

7

specifications regarding its products, that Crane delivered products conforming to those specifications, and that the Navy possessed as much or more knowledge of the hazards of asbestos as Crane had."). Therefore, the Court rejects Mr. Totten's attempts to distinguish his case from *Ruppel*.

Moreover, the Court finds that Crane has satisfied every element of § 1442(a)(1). First, although Crane is a corporation, it qualifies as a "person" for purposes of the statute. *Ruppel*, 701 F.3d at 1181.

Second, Crane has sufficiently established for purposes of jurisdiction that it was acting at the direction of a federal officer. The Court liberally construes this requirement in favor of inclusion. *Id.*; *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147, 127 S. Ct. 2301, 168 L. Ed. 2d 42 (2007). Courts will find that a defendant acted under direction of a federal officer when the defendant works hand-in-hand with the government to achieve a task that the government seeks to attain. *Ruppel*, 701 F.3d at 1181. Federal contractors, including Crane, that are subject to government specifications have been found to have worked at the direction of a federal officer. *Boyle*, 487 U.S. at 505; *Oliver*, 96 F.3d at 998; *Hasenberg*, 2014 WL 1389300, at *3. As discussed above, Crane has submitted evidence that it was subject to rigorous specifications, which were necessary as a result of the complexity of the ships and the vast number of contractors involved. Liberally interpreting this requirement, the Court finds that Crane worked hand-in-hand with the government to create valves for Navy ships such that jurisdiction is appropriate.

Third, the Court finds that there is a causal link between Mr. Totten's claims and Crane's actions under federal direction. The causation or "color of federal authority" requirement is designed to prevent a federal officer from removing a suit that alleges conduct outside the

officer's course of duty.  *See Ruppel*, 701 F.3d at 1181; *see, e.g.*, *People v. Zidek*, 691 F. Supp. 1177, 1178 (N.D. Ill. 1988).  Mr. Totten alleges that he was exposed to Crane's asbestos and that Crane failed to warn of the dangers of asbestos.  Crane has asserted that the Navy required it to include asbestos in its valves and that the Navy dictated exactly what warnings could be included on a ship's components.  The Court is satisfied at this point in the proceedings that Crane was acting under color of federal authority throughout the complained of course of conduct.  *Ruppel*, 701 F.3d at 1181.

Fourth, the Court finds that Crane raises a colorable federal government contractor defense.  Again, the question at this point is not whether Crane will ultimately prevail on its defense, but whether a federal court has jurisdiction to hear Crane's defense.  *Id.* at 1182.  Crane is not required "virtually to win [its] case before [it] can have it removed."  *Acker*, 527 U.S. at 431 (internal quotation marks omitted).  "[T]he validity of Crane's defense may be hotly contested and may present complex issues, 'but the propriety of removal does not depend on answers' to those questions; rather 'the claimed defense need only be plausible.'"  *Hasenberg*, 2014 WL 1389300, at *3 (quoting *Ruppel*, 701 F.3d at 1182).  Crane's submissions lead the Court to conclude that Crane could plausibly satisfy the elements of the government contractor defense.  Crane contends, with sworn statements and documents in support, that it was subjected to precise specifications, and that it conformed to those specifications.  On the third element, Dr. Forman's affidavit asserts that the Navy was aware of the dangers of asbestos during the relevant period, and Mr. Totten does not challenge this point.  Therefore, the Court finds that Crane has raised a colorable federal government contractor defense.  Because Crane has satisfied all four requirements of § 1442(a)(1), the Court denies the motion to remand.

## II. Mr. Totten's Motion to Strike Removal

In his motion to strike the notice of removal and remand to state court, Mr. Totten asserts that the case should be remanded because Crane's notice of removal is procedurally defective. The alleged defect is that Crane attached the original complaint rather than the first amended complaint to its notice of removal. Mr. Totten asserts that this error renders Crane's removal non-compliant with 28 U.S.C. § 1446(a), warranting remand. Crane corrected this mistake by attaching the first amended complaint to its opposition to Mr. Totten's motion for remand. As the Seventh Circuit has held, omitting the proper complaint from a notice of removal is "but a minor irregularity of no consequence. . . . To permit this minor irregularity to defeat the District Court's jurisdiction would be to elevate form over substance." *Riehl v. Nat'l Mut. Ins. Co.*, 374 F.2d 739, 742 (7th Cir. 1967). Inconsequential defects in a notice that do not prejudice the non-movant should not deprive the court of jurisdiction. *See Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011). The Court finds that Crane's mistaken attachment of the original complaint rather than the first amended complaint did not prejudice Mr. Totten, nor did it confuse or mislead the Court. The Court denies Mr. Totten's motion to strike the notice of removal. The Court will not allow this defect to defeat Crane's right to federal jurisdiction.

## CONCLUSION

For the reasons stated above, the Court finds that removal is proper. The Court denies Mr. Totten's motion for remand [37] and his motion to strike removal [39].

Dated: April 28, 2014

_____
SARA L. ELLIS
United States District Judge